1McKAY, Judge.
On April 25, 2000, the Department.- of Safety and Permits issued a demolition permit to Garden District Development Group, L.L.C., (the developer) to allow the demolition of the former Leitz Egan Funeral Home located at 2241 Magazine Street (the property). On May 25, 2000, Robert Fisher, president of the Garden District Neighborhood Improvement Association (GDNIA), in a letter to the City of New Orleans, alleged that at one time the property may have been used as a residence and therefore should have undergone review by the Housing Conservation District Review Committee (HCDRC).[1] The Department of Safety and Permits issued a stop work order on May 25, 2000, in order to review whether referral to the HCDRC was necessary or appropriate. Because, it was believed that the structure in question was a purely commercial structure, the demolition permit was issued without referral to the HCDRC.
IsOn June 1, 2000, GDNIA filed an appeal with the Board of Zoning Adjust *740 ments (BZA) challenging the decision of the Director of Safety and Permits to issue the demolition permit. The appeal alleged that the demolition of the property should have been reviewed by the HCDRC because it had at one time included a residential apartment. On June 12, 2000, the HCDRC, pursuant to the stop work order, conducted a review of the demolition request for the property and determined that there was not sufficient redeeming historical significance to the structure which would warrant denying the demolition permit. Accordingly, the HCDRC ordered that the stop work order be lifted. Although the City had not formally lifted the stop work order, the developer then resumed demolition activities at the property.
GDNIA filed a petition for a temporary restraining order and preliminary injunction on June 13, 2000. A TRO was obtained, which prohibited the developer from continuing to demolish the property. The TRO was extended to June 28, 2000, the date set for the hearing on the preliminary injunction. In the meantime, the developer filed a motion to dissolve the TRO. At the hearing on June 28, 2000, the trial court denied both the developer’s motion to dissolve the TRO, as well as GDNIA’s motion for preliminary injunction. The trial court based its ruling on “the affidavit that states that the building has no architectural significance; that it’s not a historic building and that the Housing Conservation District has lifted the Stop Work Order.” The property was then demolished.
|sThe GDNIA now appeals the trial court’s judgment. The GDNIA contends that the trial court erred in failing to grant a preliminary injunction to enforce the mandatory statutory stay of all proceedings pending the appeal to the BZA. The GDNIA also contends that its procedural due process rights were violated when the HCDRC failed to give it notice of the meeting concerning the property at 2241 Magazine Street because the HCDRC was aware that the GDNIA was an interested party.
Louisiana Revised Statute 33:4727 regulates appeals from decisions regarding zoning and use of property. The City of New Orleans, however, pursuant to its home rule charter authority, has adopted language similar to La. R.S. 33:4727, in Section 14.5 of its Comprehensive Zoning Ordinance, Ordinance No. 4264 M.C.S., as amended. The pertinent provisions of the ordinance read as follows:
14.5.1. Scope of Appeals
Appeals to the Board may be taken by any party aggrieved, or by any officer, department, commission board, bureau, or any other agency of the City of New Orleans affected by any decision of the Director of Safety and Permits concerning application or interpretation of the provisions of the Comprehensive Zoning Ordinance....
14.5.2 Stay of Proceedings
An appeal shall stay all administrative proceedings in furtherance of the action appealed from, unless the Director of Safety and Permits certifies to the Board of Zoning Adjustments, after the notice of appeal shall have been filed with him, by reason of facts stated in the certificate, that a stay would, in his opinion, cause imminent peril of life or property. In such cases proceedings shall not be stayed other than by a restraining order which may be granted by the Board or by the Civil District Court, and notice to the Director of Safety and Permits, and on due cause shown thereon.
1¿Ordinance No. 4264 M.C.S., as amended by Ordinance No. 16,976 M.C.S., of the Comprehensive Zoning Ordinance of the City of New Orleans (2000).
*741 The aforementioned provision does not mean that a stop work order should issue upon the filing of an appeal with the BZA in challenge to the issuance of a building or demolition permit. It merely means that the Department of Safety and Permits will stay its enforcement actions (“administrative proceedings”) during the pendency of an appeal to the BZA. The GDNIA’s contention that the mere filing of an appeal without regard to its potential merit should be reason enough to halt a demolition leads to absurd results. The correct method by which an aggrieved party should enjoin a demolition permit is to do as was done in the instant case and file a petition for an injunction in a court of competent jurisdiction. The trial court considered the matter and based upon its discretion saw no reason to enjoin the demolition of the property. We find no error in the trial court’s refusal to grant a preliminary injunction.
We find no merit in the GDNIA’s claim that the failure of the HCDRC to notify it of its meeting to consider the demolition of this building was a denial of its procedural due process rights. The cases cited by GDNIA, Paillot v. Wooton, 559 So.2d 758 (La.1990); In re Adoption of B.G.S., 556 So.2d 545 (La.1990); and Fields v. State, Department of Public Safety and Corrections, 98-0611 (La.7/8/98), 714 So.2d 1244, all deal with situations in which due process requires .that notice must be given to an individual whose fundamental rights or property rights were being directly affected and do not stand for a requirement that notice be given | Rto any interested party.[2] In the instant case, there has been no violation of the GDNIA’s fundamental rights or property rights. Accordingly, there has been no violation of the GDNIA’s procedural due process rights.
For the foregoing reasons, we find no error on the part of the trial court and we affirm its judgment. Furthermore, as the property in question has been demolished, this matter is now moot.
AFFIRMED.

. The HCDRC was established by Ordinance No. 18539 M.C.S. to review and assess residential properties slated for demolition. The purpose of the ordinance was to determine whether there existed any redeeming historical considerations relative to the property which would warrant denying the demolition request. Ordinance No. 18539 M.C.S. has since been amended to require review of all permits for demolition of residential and/or commercial structures.

. This being said, the City has changed its policy regarding notice and now advertises all application for demolition permits in the newspaper.